**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

In re:                                                          :          Chapter 11

LIGHTSQUARED INC., *et al.,*                           :          Case No. 12-12080 (SCC)

                                    Debtors.         :          Jointly Administered
-------------------------------------------------------------------------x          Adv. Proc. No. 13-01390-scc
HARBINGER CAPITAL PARTNERS LLC, HGW US          :
HOLDING COMPANY LP, BLUE LINE DZM CORP.,
AND HARBINGER CAPITAL PARTNERS SP, INC.,          :

                                    Plaintiffs,         :

                    vs.                                    :

CHARLES W. ERGEN, ECHOSTAR CORPORATION,          :
DISH NETWORK CORPORATION, L-BAND
ACQUISITION LLC, SP SPECIAL                           :
OPPORTUNITIES LLC, SP SPECIAL OPPORTUNITIES
HOLDINGS LLC, SOUND POINT CAPITAL                    :
MANAGEMENT LP, AND STEPHEN KETCHUM,
                                                                      :
                                    Defendants.
-------------------------------------------------------------------------x


# DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION
# TO PLAINTIFFS' MOTION FOR LEAVE TO APPEAL

SULLIVAN & CROMWELL LLP                    WILLKIE FARR & GALLAGHER LLP
Robert J. Giuffra, Jr.                              Rachel C. Strickland
Brian T. Frawley                                    James C. Dugan
Brian D. Glueckstein                               787 Seventh Avenue
125 Broad Street                                    New York, New York  10019
New York, New York  10004                    Telephone:  (212) 728-8000
Telephone:  (212) 558-4000

*Counsel for the DISH/EchoStar Defendants*          *Counsel for the Ergen Defendants*

O'MELVENY & MYERS LLP
Charles E. Bachman
Peter Friedman
Times Square Tower
New York, New York  10036
Telephone:  (212) 326-2000

*Counsel for the Sound Point Capital*
*Defendants*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...............................................................................................................................7

I.  THE DECISION AND ORDER ARE NOT FINAL AND THEREFORE ARE
    NOT APPEALABLE AS OF RIGHT. .............................................................................7

    A.  The Order is Non-Final Because It Dismissed the Amended Complaint Without
        Prejudice and Explicitly Granted Harbinger Leave to File a Second Amended
        Complaint...........................................................................................................8

    B.  Absent Rule 54(b) Certification, Harbinger May Not Appeal As of Right. ..........11

II. LEAVE TO APPEAL SHOULD BE DENIED..................................................................12

    A.  Harbinger's Appeal Cannot Materially Advance the Termination of the
        Bankruptcy Litigation. ......................................................................................14

    B.  Harbinger's Appeal Presents No Controlling Questions of Law..........................16

    C.  There Is No Substantial Ground for Difference of Opinion With the Decision and
        Order. ...............................................................................................................19

    D.  Harbinger Has Not Demonstrated "Exceptional Circumstances" Warranting An
        Interlocutory Appeal. ........................................................................................22

CONCLUSION.........................................................................................................................23

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Adelphia Commc'ns Corp. v. Bank of Am. N.A. (In re Adelphia Commc'ns Corp.)*,
    365 B.R. 24 (Bankr. S.D.N.Y. 2007)...................................................................22

*Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*,
    393 F.2d 441 (2d Cir. 1968)........................................................................10

*Assocs. Fin., Inc. v. Amann*,
    57 B.R. 379 (N.D. Ill. 1986) ..........................................................................8

*Bernard v. Masterwear Corp. (In re Masterwear Corp.)*,
    No. 98 Civ. 0688(MBM), 1998 WL 879694 (S.D.N.Y. Dec. 16, 1998) ...........................7

*Chase Manhattan Bank, N.A. v. Coan (In re AroChem Corp.)*,
    176 F.3d 610 (2d Cir. 1999)..........................................................................8

*Court v. MacWeeney*,
    No. 97 Civ. 2091 (JSM), 1998 WL 79517 (S.D.N.Y. Nov. 13, 1998) ..............................7

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am. Corp.)*,
    159 B.R. 396 (S.D.N.Y. 1993).................................................................11, 12

*Dev. Specialists v. Arent Fox LLP (In re Coudert Bros. LLP Law Firm Adv. Pros)*,
    447 B.R. 706 (S.D.N.Y. 2011)........................................................................17

*Dubin v. SEC (In re Johns Manville Corp.)*,
    824 F.2d 176 (2d Cir. 1987)..........................................................................10

*Dunkin' Donuts Franchising LLC v. CDDC Acquisition Co. LLC (In re FPSDA I, LLC)*,
    470 B.R. 257 (E.D.N.Y. 2012) ......................................................................16

*Dynegy Mktg. & Trade v. Enron Corp. (In re Enron Corp.)*,
    316 B.R. 767 (S.D.N.Y. 2004)..............................................................15, 16, 18

*Ellsworth v. Myers (In re Cross Media Mktg.)*,
    No. 07 CV 878 (GBD), 2007 WL 2743577 (S.D.N.Y. Sept. 19, 2007) ...............12, 19, 21

*Epton v. Hogan*,
    355 F.2d 203 (2d Cir. 1966)..........................................................................8

*Ferreira v. Modell's Sporting Goods, Inc.*,
    No. 11 Civ. 2395 (DAB), 2013 WL 1344697 (S.D.N.Y. Mar. 28, 2013) ........................12

*Fox v. Mandiri (In re Perry H. Koplik & Sons, Inc.),*
    377 B.R. 69 (S.D.N.Y. 2007)................................................................18

*Gredd v. Bear, Stearns Secs. Corp. (In re Manhattan Inv. Fund, Ltd.),*
    288 B.R. 52 (S.D.N.Y. 2002)...........................................................13, 19

*H&C Dev. Grp., Inc.  v. First Vermont Bank & Trust Co. (In re Miner),*
    222 B.R. 199 (2d Cir. 1998) ..............................................................13

*Hubbell Inc. v. Pass & Seymour, Inc.,*
    No. 94 Civ. 7631 (RWS), 1995 WL 464906 (S.D.N.Y. Aug. 4, 1995).....................21, 22

*Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima County, Ariz. v. Kirk,*
    109 F.3d 634 (9th Cir. 1997)..............................................................11

*Isra Fruit Ltd. v. Agrexco Agricultural Export Co. Ltd.,*
    804 F.2d 24 (2d Cir. 1986)................................................................15

*Jackson v. NYS Dept. of Labor,*
    431 F. App'x 21 (2d Cir. 2011) ...........................................................8

*Klinghoffer* v. *S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille*
    *Lauro In Amministrazione Straordinaria,*
    921 F.2d 21 (2d Cir. 1990)................................................................13

*Law Debenture Trust Co. of N.Y. v. Calpine (In re Calpine Corp.),*
    356 B.R. 585 (S.D.N.Y. 2007)............................................................13

*LTV Steel Co. v. UMWA (In re Chateaugay Corp.),*
    922 F.2d 86 (2d Cir. 1990)...............................................................8

*LTV Steel Co. v. UMWA (In re Chateauguay),*
    928 F.2d 63 (2d Cir. 1991)...............................................................11

*Nomura Sec. Int'l, Inc.* v. *E\*Trade Sec., Inc.,*
    280 F.Supp. 2d 184 (S.D.N.Y 2003)......................................................18

*North Fork Bank v. Abelson,*
    207 B.R. 382 (E.D.N.Y. 1997) ...........................................................20

*Pal Family Trust v. Ticor Title Ins.,*
    490 B.R. 480 (S.D.N.Y. 2013)............................................................10

*Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.),*
    101 F.3d 882 (2d Cir. 1996)..............................................................10

*Picard v. Madoff,*
    464 B.R. 578 (S.D.N.Y. 2011)............................................................16

*In re Poseidon Pool & Spa Recreational, Inc.*,
    443 B.R. 271 (E.D.N.Y. 2010) ........................................................................21

*Private Retreats Belize, LLC v. Gram (In re Complete Retreats, LLC)*,
    No. 07 MC 152, 2008 WL 220752 (D. Conn. Jan. 23, 2008)............................16

*Ribkov Realty Corp. v. Neck Rd. One Realty, LLC (In re Ribkov Realty Corp.)*,
    No. 99-CV-984(JG), 1999 WL 529557 (E.D.N.Y. July 21, 1999)..............8, 10

*Shirey v. Bensalem Tp.*,
    663 F.2d 472 (3d Cir. 1981)............................................................................12

*Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC)*,
    No. 01–02952, 2003 WL 21507196 (S.D.N.Y. June 30, 2003)........................20

*United States v. Bond*,
    No. 09-CV-1824 (SLT), 2009 WL 3254472 (E.D.N.Y. Oct. 9, 2009)..............14

*Unsecured Claims Estate Rep. of Teligent, Inc. v. Banda 26, S.A. (In re Teligent, Inc.)*,
    No. 04 Civ. 5394(DLC), 2004 WL 1921851 (S.D.N.Y. Aug. 30, 2004)...........9

*Village of Rosemont v. Jaffe (In re Emerald Casino, Inc.)*,
    334 B.R. 378 (N.D. Ill. 2005) ............................................................................9

*In re World Trade Ctr. Disaster Site Litig.*,
    469 F. Supp. 2d 134 (S.D.N.Y. 2007)..........................................................12, 13

*In re WorldCom, Inc.*,
    No. M-47 HB, 2003 WL 21498904 (S.D.N.Y. 2003) ...................13, 16, 19, 20

*Williston v. Eggleston*,
    410 F. Supp. 2d 274 (S.D.N.Y. 2006)..........................................................13, 21, 22

*Zamora v. Virtue (In re Continental Coin Corp.)*,
    416 F. App'x 612 (9th Cir. 2011) ......................................................................8

## STATUTES

11 U.S.C. § 502(a) ...................................................................................................5

11 U.S.C. §502(b) ...............................................................................................2, 6

28 U.S.C. § 158(a) ...................................................................................................7

28 U.S.C. § 1292(b) ..................................................................................3, 12, 13, 14

Fed R. Bankr. P. 7054...........................................................................................11

Fed. R. Civ. P. 9(b) ..........................................................................................................18

Fed. R. Civ. P. 54(b) ........................................................................................................11

Defendants Charles W. Ergen ("Mr. Ergen"), SP Special Opportunities, LLC ("SPSO"), and Special Opportunities Holdings LLC ("SOH") (together, with Mr. Ergen and SPSO, the "Ergen Defendants"), DISH Network Corporation ("DISH"), EchoStar Corporation ("EchoStar"), and L-BAND Acquisition LLC ("LBAC") (together with DISH and EchoStar, the "DISH/EchoStar Defendants"), and Sound Point Capital Management L.P. ("Sound Point Capital") and Stephen Ketchum (together, with Sound Point Capital, the "Sound Point Capital Defendants") (collectively "Defendants") respectfully submit this joint memorandum of law in opposition to the December 2, 2013 motion for leave to appeal brought by Harbinger Capital Partners LLC, HGW US Holding Company LP, Blue Line DZM Corp., and Harbinger Capital Partners SP, Inc. (collectively, "Harbinger"). Harbinger's motion (the "Motion") seeks to appeal certain aspects of the November 14, 2013 order, and related November 21, 2013 memorandum decision (together, the "Decision and Order"), of the United States Bankruptcy Court for the Southern District of New York (Chapman, J.) (the "Bankruptcy Court"), granting the Defendants' motions to dismiss.[1]

## PRELIMINARY STATEMENT

In the Decision and Order, Harbinger's Amended Complaint against the Defendants relating to SPSO's purchase of debtor LightSquared L.P. secured debt ("LP Debt) was dismissed with leave to replead a further claim for relief — a claim objection pursuant to section 502(b) of the Bankruptcy Code. The Decision and Order also dismissed one claim brought in the same adversary proceeding by LightSquared[2] — in which Harbinger holds an 82% equity interest —

---

[1]    "Harbinger Br." refers to Harbinger's memorandum of law in support of its motion for leave to appeal.

[2]    "LightSquared" consists of the following entities:  LightSquared Investors Holdings Inc., One Dot Four Corp, One Dot Six Corp., SkyTerra Rollup LLC, SkyTerra Rollup Sub LLC, SkyTerra Investors LLC, TMI Communications Delaware, L.P., LightSquared GP Inc., LightSquared L.P., ATC Technologies, LLC, LightSquared Corp., LightSquared Finance Co., LightSquared Network LLC, LightSquared Inc. of

which sought a declaratory judgment holding that SPSO's purchases of LP Debt were not in compliance with the Credit Agreement governing the LP Debt. Importantly, the Decision and Order expressly granted the debtors (i.e., entities whose common equity is owned by Harbinger) leave to file a new complaint in the adversary proceeding asserting additional claims for relief against the Defendants. Both Harbinger and LightSquared took the Bankruptcy Court up on those invitations. First, on November 15, 2013, LightSquared filed a Complaint-in-Intervention against the Ergen Defendants asserting claims for declaratory relief, breach of contract, section 502(b) disallowance, equitable disallowance and tortious interference with contractual relations. LightSquared's Complaint-in-Intervention also asserted tortious interference claims against DISH and EchoStar. All of LightSquared's claims arise out of the same facts and circumstances and completely overlap with the dismissed claims that Harbinger seeks to immediately appeal. Moreover, on December 2, — the same day it filed this Motion — Harbinger itself filed a Second Amended Complaint, which purported to adopt the allegations of LightSquared's Complaint-in-Intervention, and asserted claims against SPSO for declaratory relief, breach of contract, section 502(b) disallowance, equitable disallowance and equitable subordination. On December 10, the Bankruptcy Court ruled that most of LightSquared's claims, as well as Harbinger's section 502(b) claim,[3] could proceed to a trial scheduled for January 9, 2014. With those claims still pending, Harbinger seeks to have a second court consider the exact same issues relating to SPSO's LP Debt purchases at the same time that the same claims proceed to trial in the Bankruptcy Court. Yet, an appealable final judgment will be issued in a matter of weeks,

---

Virginia, LightSquared Subsidiary LLC, LightSquared Bermuda Ltd., SkyTerra Holdings (Canada) Inc., SkyTerra (Canada) Inc., and One Dot Six TVCC Corp.

[3]     Harbinger's other claims were dismissed with prejudice. As to LightSquared's Complaint-in-Intervention, the Bankruptcy Court dismissed the claim for equitable disallowance, and the tortious interference claim as to SPSO, but denied defendants' motions to dismiss the other claims.

following trial in the Bankruptcy Court. This sort of piecemeal litigation is woefully inefficient and contrary to well-settled law.

Consequently, and contrary to Harbinger's assertions, granting Harbinger leave to appeal at this juncture — at the same time both Harbinger and LightSquared press remaining claims to trial in the adversary proceeding — will certainly generate duplicative appeals, the potential for inconsistent rulings, and will necessarily deplete the parties' and the courts' resources, the precise consequences courts strive to avoid in deciding motions for interlocutory appeal. Indeed, even if Harbinger's request for leave were granted, any appeal would not even be fully briefed prior to the upcoming trial. Thus, Harbinger's contention that an interlocutory appeal would "permit a single trial of all claims" (Harbinger Br. at 24) is false. Indeed, an interlocutory appeal would serve no purpose but to require this Court to expend time and energy familiarizing itself with the parties' complex and fluid dispute, at the same time the Bankruptcy Court — which has been overseeing the LightSquared bankruptcy for a year and a half, and is thus fully engaged with the parties, as well as the factual and legal issues — is hearing a trial of the *same* controversy based upon the evidence.

Inefficiencies notwithstanding, Harbinger's request for leave to appeal should also be denied because it does not meet the statutory requirements of 28 U.S.C. § 1292(b). First, given that a trial in the adversary proceeding will take place in a matter of weeks, interlocutory review will not "materially advance the termination" of the litigation before the Bankruptcy Court. Second, Harbinger's Motion presents no "controlling questions" of law that would materially affect the outcome of the LightSquared bankruptcy proceedings. Even if the court granted an appeal and agreed with Harbinger's positions on the questions presented in its Motion (*see* Harbinger Br. at 1-2), there were alternative grounds upon which its claims against the

Defendants would have been dismissed.  Further, Harbinger's Motion fails to present "substantial ground for disagreement" with the Decision and Order.  It presents no disagreement with the legal standards applied by the Bankruptcy Court, but instead asserts that the Bankruptcy Court erred in applying those standards to its Amended Complaint and misconstrued non-binding precedent.  Under well-established law, that is insufficient to warrant interlocutory review.  In sum, Harbinger has not demonstrated the required "exceptional circumstances" to justify leave to appeal the Decision and Order, and the Motion should be denied.

## PROCEDURAL BACKGROUND

On August 6, 2013, Harbinger initiated an adversary proceeding arising out of the chapter 11 bankruptcy cases of LightSquared by filing a Complaint in the Bankruptcy Court against Defendants.  (*See* Adv. Proc.  No. 13-01390 (SCC) (Bankr. S.D.N.Y. Aug. 6, 2013) (ECF No. 1).)  The Complaint pled seven causes of action related to SPSO's purportedly wrongful purchase of the secured debt of LightSquared L.P.:  (1) equitable disallowance of SPSO's claims against LightSquared's assets under the Bankruptcy Code, (2) fraud, against the Dish/EchoStar Defendants, SPSO, and SOH, (3) aiding and abetting fraud, against the Sound Point Capital Defendants, (4) two counts of tortious interference, against the Ergen and DISH/EchoStar Defendants, (5) unfair competition, against all Defendants, and (6) civil conspiracy, against all Defendants.  (*Id.*)  On August 22, 2013, LightSquared intervened in the action "as a plaintiff in the First Cause of Action," seeking "declaratory relief on the issue of whether [SPSO's] purchase of LightSquared's debt was in compliance with the Credit Agreement" and "reserv[ing] the right to seek any appropriate remedy following resolution of the requested declaratory relief."  (*See* LightSquared's Notice of Intervention (Adv. Proc. No. 13-01390 (SCC) (Bankr. S.D.N.Y. Aug. 22, 2013) (ECF No. 15).)

On September 9, 2013, each of the three groups of Defendants filed motions to dismiss the claims brought by Harbinger and LightSquared. (*See* Adv. Proc. No. 13-01390 (SCC) (Bankr. S.D.N.Y. Sept. 13, 2013) (ECF Nos. 29-35, 37-39).) On September 30, 2013, Harbinger filed an Amended Complaint which added an eighth cause of action — for disallowance of SPSO's claims against LightSquared's assets, under 11 U.S.C. § 502(a). (Bergman Decl. Ex. C) On November 12, 2013, following briefing and oral argument on October 29, 2013, the Bankruptcy Court issued an Order (Bergman Decl. Ex. A) adjudicating those motions. Specifically, the Order stated that:

(1) "The Amended Complaint filed by [Harbinger] is dismissed in its entirety, *without prejudice*, subject to the provisions and further clarifications set forth . . . below"

(2) "[Harbinger is] granted leave to file a Second Amended Complaint in the above-captioned adversary proceeding, setting forth an objection pursuant to Section 502 of the Bankruptcy Code."

(3) "Count I for equitable disallowance is dismissed with prejudice as to all parties and may not be replead by [LightSquared]"

(4) "Nothing herein shall prejudice the right of [LightSquared] to file a new complaint in the above-captioned adversary proceeding consistent with the Court's ruling"; and

(5) "Any claims brought consistent with Paragraph 4 above shall be brought by the later of (i) November 15, 2013, (ii) a date mutually agreed among [LightSquared] and the Ergen [Defendants], or (iii) such date as otherwise ordered by the Court."

(Bergman Decl. Ex. A (emphasis added)) The Order also specifically stated that "[t]his Court shall retain jurisdiction to hear and determine all matters arising from the interpretation, implementation and enforcement of this Order." (*Id.*) The Order was later augmented by a

November 21, 2013 Memorandum Decision explaining the Bankruptcy Court's reasoning. (Bergman Decl. Ex. B)

On November 15, 2013, LightSquared filed a Complaint-In-Intervention based on the same debt purchases and related conduct described in the Amended Complaint, reasserting its claim for declaratory relief against SPSO, and asserting causes of action for: (1) breach of contract, against SPSO, (2) disallowance of SPSO claims under 11 U.S.C. § 502(b), (3) equitable disallowance of SPSO's claims, and (4) tortious interference with contractual relations, against Mr. Ergen, SPSO, DISH and EchoStar.[4] (Bergman Decl. Ex. E) Following suit, on December 2, 2013, Harbinger filed a Second Amended Complaint that asserts the same causes of action pled in LightSquared's Complaint-in-Intervention, purportedly "not to seek redress for direct harm to itself, but as a party-in-interest in these proceedings, as a secured creditor and the majority equity holder of LightSquared Inc., and an unsecured creditor of LightSquared LP." (*Id.* at 2) Later that day, Harbinger filed this Motion, which strains credibility at best. Harbinger's Motion asserts: (1) that Harbinger may appeal the Order as of right (*see* Harbinger Br. at 13-16), and (2) alternatively, that this Court should grant Harbinger leave to appeal the Order. (*See id.* at 16-24)

On December 10, 2013, the Bankruptcy Court heard oral argument on Mr. Ergen's, SPSO's, DISH's and EchoStar's motions to dismiss LightSquared's Complaint-in-Intervention and/or Harbinger's Second Amended Complaint. The Bankruptcy Court granted the motions to dismiss LightSquared's claims for equitable disallowance and tortious interference as to SPSO, but denied the motions to dismiss the Complaint-in-Intervention in all other respects. The Bankruptcy Court granted SPSO's motion to dismiss Harbinger's Second Amended Complaint,

---

[4]     As explained in the Bankruptcy Court's November 21, 2013 Memorandum Decision, this new complaint was required for LightSquared to sustain its claims "[b]ecause [LightSquared's] Intervention was not filed as a separate complaint but rather as a statement linked to [Harbinger's dismissed] Amended Complaint. (Bergman Decl. Ex. B at 49)

but permitted its section 502(b) claim to proceed.[5]  (*See* Adv. Proc. No. 13-01390 (SCC) (Bankr. S.D.N.Y. Dec. 12, 2013) (ECF No. 97).)

The Bankruptcy Court has scheduled a trial of LightSquared's and Harbinger's remaining claims to begin January 9, 2014.  Trial will be immediately followed by a confirmation hearing in the Bankruptcy Court.

## ARGUMENT

## I.   THE DECISION AND ORDER ARE NOT FINAL AND THEREFORE ARE NOT APPEALABLE AS OF RIGHT.

District court jurisdiction over appeals of bankruptcy court rulings is governed by 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; [and,] with leave of court, from other interlocutory order orders and decrees."  28 U.S.C. § 158(a).  Accordingly, Harbinger cannot appeal the Bankruptcy Court's Decision and Order as of right — and without leave of this Court — unless the Order is final.  *See, e.g., Bernard v. Masterwear Corp. (In re Masterwear Corp.)*, No. 98 Civ. 0688(MBM), 1998 WL 879694, at *2 (S.D.N.Y. Dec. 16, 1998); *Court v. MacWeeney*, No. 97 Civ. 2091 (JSM), 1998 WL 795170, at *1 (S.D.N.Y. Nov. 13, 1998).  The Order is non-final for two independent reasons:  (1) its dismissal of the Amended Complaint was without prejudice, and explicitly granted leave to Harbinger to file a Second Amended Complaint — an opportunity that Harbinger seized prior to the filing of this Motion, and (2) the Bankruptcy Court did not "direct entry of a final judgment" or "expressly determine[] that there is no just reason for delay," as required by Federal Rule of Civil Procedure 54(b).

---

[5]     Harbinger's claim for equitable subordination was also dismissed on the premise that any subordination could be addressed in the context of a plan of reorganization for LightSquared.

## A. The Order is Non-Final Because It Dismissed the Amended Complaint Without Prejudice and Explicitly Granted Harbinger Leave to File a Second Amended Complaint.

In the Second Circuit "when [an] order[] specifically allow[s] a plaintiff to file an amended complaint, the order[] usually [is] not final and therefore [is] not [immediately] appealable" without leave of the court. *Jackson v. NYS Dept. of Labor*, 431 F. App'x 21, 22 (2d Cir. 2011). *See also Epton v. Hogan*, 355 F.2d 203 (2d Cir. 1966). Indeed, a broad range of federal courts have held that notwithstanding any "pragmatic approach" to finality in bankruptcy proceedings,[6] non-prejudicial bankruptcy court dismissals of adversary complaints are not final. *See, e.g.*, *Zamora v. Virtue (In re Continental Coin Corp.)*, 416 F. App'x 612, 613 (9th Cir. 2011) (holding that where parties have "leave to file an amended complaint subject to the restrictions imposed by the bankruptcy court," "any legal errors affecting the parties' claims can be appealed after the conclusion of the adversary proceeding"); *Ribkov Realty Corp. v. Neck Rd. One Realty, LLC (In re Ribkov Realty Corp.)*, No. 99-CV-984(JG), 1999 WL 529557, at *14 (E.D.N.Y. July 21, 1999) (holding that an underlying order was not final where judge "stated on the record that his dismissal was without prejudice" and plaintiff "informed the bankruptcy court that it had already refiled its adversary proceeding . . . after [the judge] dismissed it"); *Assocs. Fin. Inc. v. Amann*, 57 B.R. 379, 380 (N.D. Ill. 1986) (noting that "[c]onventional wisdom teaches [that] an order dismissing a complaint with leave to amend rather than dismissing the

---

[6]     Although Harbinger correctly notes that "[f]inality in the bankruptcy context is determined by a less rigid standard than that applicable to other proceedings," *see LTV Steel Co. v. UMWA (In re Chateaugay Corp.)*, 922 F.2d 86 (2d Cir. 1990), that standard does not "overcome the general aversion to piecemeal appeals," and has no application here. *Id.* Rather, orders in bankruptcy cases may be immediately appealed as of right only "if they resolve discrete disputes within the larger case," which in the context of an adversary proceeding, generally requires "the resolution of [the] adversary proceeding within the bankruptcy action." *Id.*; *see also Chase Manhattan Bank, N.A. v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 619 (2d Cir. 1999) (noting that the "pragmatic approach" to finality "merely seek[s] to avoid a situation where an otherwise 'final' order — e.g., an order resolving all of the claims asserted within a discrete adversary proceeding — is rendered 'nonfinal' simply because it arises in the context of a bankruptcy proceeding.")

entire action, is *not* a 'final order'" and dismissing appeal accordingly, where district court judge "specifically limited the [underlying] [o]rder to dismissal of the [*c*]*omplaint*," rather than the entire action," and "grant[ed] leave to file an Amended Complaint") (emphasis in original); *see also Unsecured Claims Estate Rep. of Teligent, Inc. v. Banda 26, S.A. (In re Teligent, Inc.)*, No. 04 Civ. 5394(DLC), 2004 WL 1921851, at *2 (S.D.N.Y. Aug. 30, 2004) ("There is authority in this Circuit for the proposition that a bankruptcy court's order granting a motion to dismiss an adversary proceeding without prejudice is an interlocutory order."). Put simply, "the dismissal of an adversary proceeding without prejudice is not an appealable final order." *Id.*

Here, it is clear from the Order's text and the Bankruptcy Court docket that the Order is non-final: The Order explicitly granted leave to both Harbinger and LightSquared to file amended complaints, which they subsequently did. Indeed, Harbinger's section 502(b) claim, pled in the Second Amended Complaint, survived Defendants' motions to dismiss and is scheduled to go to trial in less than a month, together with LightSquared's remaining claims. Thus, far from being terminated or otherwise resolved, the adversary proceeding is ongoing, and, therefore, the Order is not final and appealable as of right.

Harbinger's argument that it should be granted an exception to this rule is unavailing. It contends that even though its claims were "ostensibly dismissed without prejudice," "the Order effectively disposed of [its] claims" and was therefore "final . . . and appealable as of right." (Harbinger Br. at 13-14) Harbinger's argument relies on statements made by the Bankruptcy Court judge, expressing skepticism at Harbinger's ability to successfully re-plead certain claims (*see id.* at 15), and the Northern District of Illinois' decision in *Village of Rosemont v. Jaffe (In re Emerald Casino, Inc.)*, 334 B.R. 378, 385 (N.D. Ill. 2005). But *Emerald Casino* bears no resemblance to this case: there, the "record indicat[ed] that the bankruptcy court intended its

judgment to be final and appealable" because (1) the Court closed the docket for the adversary proceeding, and (2) "in hearing [the debtor's] motion to reconsider [the order at issue], the bankruptcy court clarified that it had dismissed the federal claims with prejudice and the state claims without prejudice to permit [the debtor] to assert its substantive state law claims in state court." *Id.* Neither of those circumstances are present here — to the contrary, Harbinger and LightSquared continue to litigate their cases in the court below.[7] Also, here there *was* a "reasonably anticipated amendment" that could grant Harbinger relief — one which Harbinger has, in fact, already filed, and is currently pending trial.

District courts limit their review to orders that "completely resolve[] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 885 (2d Cir. 1996). This prevents piecemeal litigation and "limit[s] appellate review in bankruptcy cases to issues resolving *particular* disputes." *Dubin v. SEC (In re Johns Manville Corp.)*, 824 F.2d 176, 179-80 (2d Cir. 1987) (emphasis added); *see id.* (holding that a Bankruptcy Court's order is not appealable unless it "finally disposes of discrete disputes within the larger case."). As a result, there is no available exception to the rule that an order dismissing a complaint without prejudice, and specifically allowing the plaintiff to file an amended complaint, is not final.

---

[7]     Harbinger's argument is also betrayed by the other authority on which it relies. In *Pal Family Trust v. Ticor Title Ins.*, 490 B.R. 480 (S.D.N.Y. 2013), this court held that a without prejudice dismissal could be appealed as of right. The court, however, *expressly distinguished* cases — just like this — in which appellants were given leave to replead and "had already filed amended complaints in the bankruptcy court presumably curing the defects identified in the dismissals without prejudice." *See Id.* at 484 (a court's grant of leave to amend can render a without prejudice dismissal non-final) (citation omitted). *See also In re Teligent,* 2004 WL 1921851, at *2 (dismissing appeal from dismissal without prejudice where appellant had already amended its complaint in the bankruptcy court); *In re Ribkov*, 1999 WL 529557, at *14 (same). Similarly, in *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441 (2d Cir. 1968), cited by Harbinger, the court made no reference of any leave granted to plaintiff to amend its complaint.

**B.      Absent Rule 54(b) Certification, Harbinger May Not Appeal As of Right.**

Harbinger's argument that it may appeal as of right also fails because it contravenes Federal Rule of Civil Procedure 54(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7054.  In this Circuit, "[w]hen . . . multiple claims or parties are involved in an action, the finality of an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *must also be determined in light of Federal Rule of Civil Procedure 54(b)*."  *Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*, 159 B.R. 396, 400 (S.D.N.Y. 1993) (emphasis added).  Given the intervention by LightSquared, this is clearly a multi-party adversary proceeding, and the plaintiffs, including Harbinger, asserted multiple claims, which were not-finally adjudicated below.  Absent certification from the Bankruptcy Court that there was "no just reason for delay[ing]" Harbinger's anticipated appeal, the Decision and Order are not reviewable as final.  *See id.* ("Because the Bankruptcy Court did not certify its Orders as final pursuant to Rule 54(b) and Bankruptcy Rule 7054, the Orders are not reviewable as final orders.").

There can be no dispute that the Decision and Order resolved fewer than all of the claims asserted by fewer than all of the plaintiffs.  The Bankruptcy Court recognized that LightSquared's Complaint-in-Intervention was filed "as a statement linked to the Amended Complaint" and granted the Debtors "leave to plead and file an amended complaint in this Adversary Proceeding against any or all of the Defendants."  (Decision at 49)  Rule 54(b) certification was neither requested nor granted, which precludes appeal as a final order.  *See LTV Steel Co. v. UMWA (In re Chateaugay)*, 928 F.2d 63, 64 (2d Cir. 1991) ("strict compliance with Rule 54(b) is required in the bankruptcy context"); *Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima County, Ariz. v. Kirk*, 109 F.3d 634 (9th Cir. 1997) (denying leave to appeal order dismissing claims of one set of plaintiffs with prejudice, but dismissing claims of other set

of plaintiffs without prejudice because there was no compliance with Rule 54(b)); *see also Shirey v. Bensalem Tp.*, 663 F.2d 472, 473-75 (3d Cir. 1981) (order dismissing claims of four plaintiffs not immediately appealable where some claims were dismissed with prejudice, others were dismissed without prejudice and where three of four plaintiffs amended their complaint and the action proceeded in the district court).

Here, because claims remain pending in the same adversary proceeding by Harbinger and LightSquared on the same set of facts, there is no conceivable basis for Harbinger to seek appellate review in this Court. Unless and until the Bankruptcy Court certifies its order as a final judgment, the order is unreviewable as a final order. *See In re Pan Am Corp.*, 159 B.R. at 400.

## II. <u>LEAVE TO APPEAL SHOULD BE DENIED.</u>

Federal courts "strongly disfavor[]" discretionary interlocutory appeals because they "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007). The Second Circuit, in fact, "urges the district courts to exercise great care in making a [section] 1292(b) certification, because it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Ferreira* v. *Modell's Sporting Goods, Inc.*, No. 11 Civ. 2395 (DAB), 2013 WL 1344697, at *2 (S.D.N.Y. Mar. 28, 2013) (citations and internal quotes omitted).

In deciding whether to permit interlocutory review of a bankruptcy court order, courts examine the statutory factors of 28 U.S.C. § 1292(b). *See, e.g.*, *Ellsworth v. Myers (In re Cross Media Mktg.)*, No. 07 CV 878 (GBD), 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007). Under this standard, the movant must demonstrate that the challenged order "(1) involves a controlling question of law; (2) to which there is substantial ground for difference of opinion;

and (3) [that] an immediate appeal from the order may materially advance the ultimate

termination of the litigation." *Id.* (quoting 28 U.S.C. § 1292(b)).  *See also H&C Dev. Grp., Inc.

v. First Vermont Bank & Trust Co. (In re Miner)*, 222 B.R. 199, 203 (2d Cir. 1998).

Nonetheless, even when all three criteria are met, judges maintain "unfettered discretion to deny

certification of an order for interlocutory appeal."  *In re World Trade Ctr. Disaster Site Litig.*,

469 F. Supp. 2d at 144 (citation omitted).  "[T]he Second Circuit has held that challenges to the

sufficiency of a pleading are not generally the appropriate subjects of interlocutory review."

*Gredd v. Bear, Stearns Secs. Corp. (In re Manhattan Inv. Fund, Ltd.)*, 288 B.R. 52, 56 (S.D.N.Y.

2002).

   In all events, a party seeking leave to appeal *also* has the burden of showing *exceptional*

*circumstances* . . . to overcome the general aversion to piecemeal litigation and to show that the

circumstances warrant a departure from the basic policy of postponing appellate review until

after entry of a final judgment."  *In re WorldCom, Inc.*, No. M-47 HB, 2003 WL 21498904, at

*10 (S.D.N.Y. 2003) (internal citations omitted, emphasis added).  Indeed, leave is only

appropriate in "exceptional cases" where interlocutory review "might avoid protracted and

expensive litigation."  *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006); s*ee*

*also Law Debenture Trust Co. of N.Y. v. Calpine (In re Calpine Corp.)*, 356 B.R. 585, 593

(S.D.N.Y. 2007) ("only 'exceptional circumstances [will] justify a departure from the basic

policy of postponing appellate review until after the entry of a final judgment."') (quoting

*Klinghoffer* v. *S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro In*

*Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990).  Because interlocutory appeals

tend to "prolong judicial proceedings," "add delay and expense to litigants" and "burden

appellate courts," they are "strongly disfavored."  *United States v. Bond*, No. 09-CV-1824 (SLT), 2009 WL 3254472, at *5 (E.D.N.Y. Oct. 9, 2009).

Harbinger's requested appeal of the Decision and Order meets none of the statutory requirements of section 1292(b).  Nor has Harbinger demonstrated "exceptional circumstances" warranting interlocutory review.  In fact, allowing Harbinger to appeal the Decision and Order *at the same time* it — in conjunction with LightSquared — presses claims to a January 9, 2014 trial in the Bankruptcy Court, will merely deplete the courts' and the parties' resources and lead to duplicative appeals, precisely the reason interlocutory appeals are disfavored by the courts. Granting leave will not, as Harbinger suggests, "permit a single trial of all claims."  (Harbinger Br. at 24)  The trial and confirmation hearing in the adversary proceeding will be concluded before any appeal in this court —  if granted — was even fully briefed.  Harbinger's request for leave to appeal should be denied.

### A.    Harbinger's Appeal Cannot Materially Advance the Termination of the Bankruptcy Litigation.

Harbinger's request for interlocutory appeal will clearly do nothing to "materially advance the termination" of the bankruptcy litigation, and can be rejected on that basis alone. The material advancement requirement of section 1292(b) is met only when "an appeal promises to advance the time for trial or to shorten the time required for trial."  *See United States v. Bond*, 2009 WL 3254472, at *7.  Given the current schedule of proceedings before the Bankruptcy Court, an appeal in these circumstances would serve neither objective.

Harbinger asserts that adjudication of its dismissed claims would involve "many of the same facts and witnesses" as the claims asserted in LightSquared's Complaint-in-Intervention, as well as the claims asserted by Harbinger in its Second Amended Complaint, all of which remain pending in the adversary proceeding.  On this basis, Harbinger argues that resolving its appeal

"would permit a single trial of all claims."  (Harbinger Br. at 24)  Harbinger ignores the calendar.

Its and LightSquared's remaining claims in the adversary proceeding are scheduled for a January

9, 2014 trial.  Even if Harbinger's motion was decided by that date (which seems unlikely), and

granted, briefing on any appeal would necessarily extend beyond January 9.  Thus, it is simply

impossible for Harbinger's dismissed claims to be tried alongside the related claims in the

adversary proceeding given the current schedule.  *See id.* at *9 (no basis for appeal "where the

bankruptcy court is on the eve of concluding its role in this litigation and the movant would be

free to appeal all three bankruptcy decisions in tandem").  What is possible — and indeed a

virtual certainty — is that allowing an interlocutory appeal would result in duplicative appeals,

piecemeal litigation, parallel proceedings in two courts, and the attending potential for

inconsistent rulings — all consequences courts strive to avoid.  *See, e.g.*, *Dynegy Mktg. & Trade*

*v. Enron Corp. (In re Enron Corp.)*, 316 B.R. 767, 772 (S.D.N.Y. 2004) (no material

advancement when reversal "would not expedite the litigation" and "would likely complicate

it.")[8]

Moreover, interlocutory review of Harbinger's claims would not materially affect the

outcome of this litigation because the claims were found by the Bankruptcy Court to be deficient

in *multiple* respects, including on grounds not mentioned in Harbinger's motion.  Indeed, the

principal defect found in Harbinger's claims was its elementary failure to plead sufficient facts

establishing a plausible claim for relief.

---

[8]      Indeed, the close relationship between the dismissed claims and the still pending claims of LightSquared
and Harbinger in the adversary proceeding militates against, an appeal.  As the Second Circuit has
reasoned, the resolution of certain issues during the trial in the adversary proceeding could simplify or
narrow Harbinger's proposed issues on appeal.  *See Isra Fruit Ltd. v. Agrexco Agricultural Export Co. Ltd.*,
804 F.2d 24, 25-26 (2d Cir. 1986).

This is fatal to Harbinger's attempt to obtain interlocutory appeal:  "In bankruptcy proceedings, an interlocutory order does not raise a controlling question of law where alternative legal grounds exist for the court's order."  *Private Retreats Belize, LLC v. Gram (In re Complete Retreats, LLC)*, No. 07 MC 152, 2008 WL 220752, at *2 (D. Conn. Jan. 23, 2008) (denying interlocutory appeal when bankruptcy judge gave several reasons for his order) (citing *Dynegy Marketing & Trade* v. *Enron Corp.* (*In re Enron Corp.*), 316 B.R. 767, 772 (S.D.N.Y. 2004)).  More generally, interlocutory appeal should not be granted when the bankruptcy court gives several reasons for its decision, or when alternative grounds *may* exist, even if the court does not enumerate such grounds.  *In re Complete Retreats*, 2008 WL 220752, at *2-3.  This is so because reversal of a bankruptcy court's order that rests on alternate, unreversed grounds would fail to "materially affect the outcome of the litigation."  *Dunkin' Donuts Franchising LLC v. CDDC Acquisition Co. LLC (In re FPSDA I, LLC)*, 470 B.R. 257, 265 (E.D.N.Y. 2012).  For this reason as well, the Motion should be denied.

**B.      Harbinger's Appeal Presents No Controlling Questions of Law.**

Harbinger's proposed appeal also raises no "controlling question[s] of law" under section 1292(b).  An appeal is deemed to concern a controlling question of law when reversal of the order appealed from would (1) terminate the action, or (2) materially affect the outcome of litigation.  *See Picard v. Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011).  The question of law "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly within having to study the record."  *In re WorldCom*, 2003 WL 2148904, at *10.

Harbinger has presented no "controlling questions of law" meriting interlocutory review.  Clearly, reversal of the Decision and Order, and thus reinstatement of Harbinger's dismissed claims, will not "terminate" the adversary proceeding.  Nor will any appeal (or hypothetical reversal of the Decision and Order) "materially affect" the outcome of the ongoing adversary

proceeding or LightSquared bankruptcy proceedings, in which a trial is to be held beginning January 9, well before any appeal granted Harbinger would even be fully submitted to this court. Despite the dismissal of Harbinger's common law claims, its related objection to SPSO's bankruptcy claims allowance (as well as LightSquared's own claims and objection) will be heard and considered by the Bankruptcy Court in a matter of weeks. *See Dev. Specialists v. Arent Fox LLP (In re Coudert Bros. LLP Law Firm Adv. Pros)*, 447 B.R. 706, 712 (S.D.N.Y. 2011) (no controlling question of law where movant's other claims "will proceed in the bankruptcy proceedings regardless of the resolution of the [claims]").  Any reversal of the dismissal of its claims for money damages against the Defendants will not shape this course of events.  Indeed, the outcome of the bankruptcy proceedings may be determinative of whether Harbinger can even allege money damages at all.  Harbinger's argument's that requiring it to "wait to brief this appeal until LightSquared's intervenor claims in the current adversary proceeding are concluded, will result in Harbinger being deprived of its equity interests and control over LightSquared" (Harbinger Br. at 19) simply demonstrates Harbinger's apparent speculative belief that LBAC's bid is likely prevail at auction and be a centerpiece of a chapter 11 plan approved by creditors and the Bankruptcy Court.  Harbinger's lack of confidence in its own bankruptcy plan of reorganization is no grounds for an appeal.

The "controlling questions of law" requirement is not met for additional reasons.  First, the Bankruptcy Court ruled that Harbinger had failed to plead sufficient facts establishing a plausible claim for relief.  The Bankruptcy Court cited myriad reasons for the dismissal of Harbinger's claims.  Although Harbinger takes issue with the Bankruptcy Court's conclusions that (i) equitable disallowance is not a valid cause of action; (ii) that Harbinger was not entitled to rely on the defendants' alleged misrepresentations; (iii) that a non-party to a contract may not

assert a fraud claim premised on a contractual duty to disclose owed to third parties; and (iv) that Harbinger's tortious interference and unfair competition claims failed because Harbinger alleged only business relationships or property rights belonging to third parties (*see* Harbinger Br. at 2), *there were alternative bases cited upon which Harbinger's claims could not withstand dismissal*.

For example, with respect to Harbinger's dismissed fraud claim, the Bankruptcy Court held that in addition to failing to plead its own justifiable reliance (rather than pleading the reliance of LightSquared), Harbinger failed to plead that any such reliance would have been reasonable.[9] The Bankruptcy Court also ruled that Harbinger failed to adequately plead other required elements of fraud, including material misrepresentations, material omissions or fraudulent intent on the part of the Ergen Defendant or the DISH/EchoStar Defendants. (*See* Decision at 28-36) *See In re Enron Corp.*, 316 B.R. at 772 (no controlling question or law where there may have been an alternative legal basis for the challenged order). And, the Bankruptcy Court also ruled that Harbinger's unfair competition claim failed because, among other reasons, it was undermined by the plan or reorganization Harbinger has already proposed. (*See* Decision at 43) Furthermore, whether or not Harbinger could as a matter of law rest its claims on the legal rights of third parties, or whether equitable disallowance is a valid cause of action, questions remain regarding whether Harbinger adequately pled all the required elements of those claims.[10]

---

[9] "Harbinger has failed to plead facts supporting a right to rely on any misstatement or omission of any of the Defendants, *or that its reliance was reasonable.*" (Decision at 37 (emphasis added)) *Reasonable* reliance is a necessary element of Harbinger's claims for fraud. Harbinger's failure to plead reasonable reliance with specificity independently justifies dismissal of its claim. *Nomura Sec. Int'l, Inc.* v. *E\*Trade Sec., Inc.*, 280 F.Supp. 2d 184, 204 (S.D.N.Y 2003); Fed. R. Civ. Proc. 9(b). The issue of reasonable reliance is also inherently factual and unsuited for interlocutory appeal. *Fox v. Mandiri (In re Perry H. Koplik & Sons, Inc.)*, 377 B.R. 69, 75 (S.D.N.Y. 2007).

[10] For example, Harbinger's tortious interference claim was dismissed for a host of other pleading defects set forth in detail by the bankruptcy Court:

Further, Harbinger has failed to set forth facts sufficient to demonstrate that (i) the Ergen Defendants knowingly and intentionally kept the Loan Debt trades open indefinitely, or had the

Answering those questions will require thorough examination of Harbinger's complaint and factual allegations, and as such, they present no "clean," "pure," or "controlling questions of law." *See In re Cross Media Mktg.*, 2007 WL 2743577, at *2 (no grounds for review where issues were not limited to mere contract construction, but rather "require[d] an examination of [pleadings] and exhibits."); *cf. In re Manhattan Inv. Fund*, 288 B.R. at 56 ("challenges to the sufficiency of a pleading are not generally the appropriate subjects of interlocutory review").

Moreover, Harbinger's own Motion shows that the dismissal does not present a pure question of law. Specifically, in arguing that the Bankruptcy Court's holding was incorrect, Harbinger asserts that the court "overlooked controlling authorities" that permit fraud and contract claims "when they arise from the same circumstances." (Harbinger Br. at 22) Whether Harbinger's fraud claims "arise from" the same circumstances as LightSquared's contract claims, however, is not "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.*, 2003 WL 21498904 at *10. Rather, that analysis requires that the court inquire into the circumstances of the fraud claim and any purported misrepresentations relating thereto to see whether they are the same as the circumstances that would underlie LightSquared's purported contract claims.

### C.      There Is No Substantial Ground for Difference of Opinion With the Decision and Order.

Leave to appeal should also be denied because Harbinger's Motion presents no "substantial ground for difference of opinion" with the Bankruptcy Court's Decision and Order.

---

ability to do so, or (ii) the Ergen Defendants entered into the Jeffries bundled trades for tactical purposes.

. . .

Moreover, to the extent the purported interference claims rest on Harbinger's speculation that the Debtors might have fared better in various plan and exit financing negotiations but for SPSO's alleged misconduct, Harbinger has not adequately pled that any such missed opportunity necessarily would have materialized but for the Ergen Defendants' purported tortious interference (Decision at 40-41)

Under Second Circuit law, "[i]t is not sufficient that the relevant case law is less than clear or allegedly not in accord, or that there is a strong disagreement among the parties." *North Fork Bank* v. *Abelson*, 207 B.R. 382, 390 (E.D.N.Y.1997); *Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC)*, No. 01–02952, 2003 WL 21507196, at *1 (S.D.N.Y. June 30, 2003). To satisfy this element, Harbinger must demonstrate "that there is a genuine doubt as to the correct applicable *legal standard[s]*" which governed its claims. *Id.* (emphasis added); *see also In re WorldCom*, 2003 WL 21498904, at *10 (purported "difference of opinion . . . must arise out of genuine doubt as to the correct applicable legal standard that was relied on in the order.") It has not.

Nowhere does Harbinger's Motion identify a single disagreement — let alone a substantial one — regarding any of the legal standards that were applicable to the Bankruptcy Court's disposition of Defendants' motions to dismiss. Harbinger does not argue that the Bankruptcy Court misapplied the standard of review governing Rule 12(b)(6) motions, or incorrectly identified the elements of Harbinger's claims or relevant pleading requirements. Rather, Harbinger's Motion rests exclusively on its contention that the Bankruptcy Court incorrectly applied the law to the facts as pled. For example, Harbinger asserts that the Bankruptcy Court incorrectly held that Harbinger had failed to sufficiently plead the justifiable reliance element of its fraud claim (*see* Harbinger Br. at 21-22), that its fraud claim was defective because it rested on contractual duties that properly belonged to LightSquared anyway (*see id.*at 22-23), and that it had not alleged any protectable interest that might plausibly establish a cognizable cause of action for its tort claims (*see id.* at 23). These quibbles do not raise disagreement regarding applicable standards themselves, but rather reflect the Bankruptcy Court's (eminently correct) conclusion that Harbinger's Amended Complaint had failed to plead

facts establishing a plausible cause of action in accordance with the governing legal standards. This presents no dispute at all about the governing legal standards, but merely quibbles with *how* those standards were applied by the Court. And it is clear that "[m]erely claiming that the [B]ankruptcy [C]ourt's decision was incorrect is insufficient to establish a substantial ground for difference of opinion." *In re Cross Media Mktg.*, 2007 WL 2743577, at *2; *see also In re Poseidon Pool & Spa Recreational, Inc.*, 443 B.R. 271, 281 (E.D.N.Y. 2010).

Further, although Harbinger cites case law it claims to be "controlling" as to each point, and asserts that such cases prove the law is "well-settled" and "well-established" (*see* Harbinger Br. at 21-23), Harbinger's cases — which were all considered by the Bankruptcy Court — are all distinguishable on various grounds and thus, at most, persuasive authority. "[T]he fact that the parties themselves disagree as to the interpretation of persuasive authority [does not] constitute 'a difference of opinion' sufficient to warrant certification." *Williston*, 410 F. Supp. 2d at 277; *see also Hubbell Inc. v. Pass & Seymour, Inc.*, No. 94 Civ. 7631 (RWS), 1995 WL 464906, at *2 (S.D.N.Y. Aug. 4, 1995).

For similar reasons, Harbinger's Motion fails to demonstrate substantial ground for disagreement with the Bankruptcy Court's ruling that equitable disallowance is not a valid cause of action under the Bankruptcy Code when there exists a potential alternative remedy at law. (*See* Harbinger Br. at 20-21) Although Harbinger notes that the question "remains unresolved by the Second Circuit," (*id.* at 20), "[s]imply because a question of law has not been authoritatively addressed . . . does not make the question grounds for a substantial difference of opinion." *Williston*, 410 F. Supp. 2d at 277. The crux of Harbinger's argument with respect to equitable disallowance is that the Bankruptcy Court gave the Supreme Court's decision in *Pepper v. Litton*, a more limited reading than Harbinger had advanced, and found that *Adelphia*

*Commc'ns Corp. v. Bank of Am. N.A. (In re Adelphia Commc'ns Corp.)*, 365 B.R. 24 (Bankr. S.D.N.Y. 2007) — in which equitable disallowance withstood a motion to dismiss but was never imposed — was unpersuasive. As noted above, mere disagreement with the Bankruptcy Court's interpretation of non-binding authority does not meet the "substantial ground for disagreement" requirement. *See Williston*, 410 F. Supp. at 277; *Hubbell, Inc.*, 1995 WL 464906, at *2.

**D.      Harbinger Has Not Demonstrated "Exceptional Circumstances" Warranting An Interlocutory Appeal.**

Finally, Harbinger has not met the requirement that it demonstrate "exceptional circumstances" warranting an interlocutory appeal. In fact, Harbinger's Motion ignores this requirement altogether. Reading between the lines, Harbinger's Motion boils down to its view that its appeal should be heard prior to any disposition of the LightSquared estate. (*See* Harbinger Br. at 19 (requiring Harbinger to "wait to brief this appeal until LightSquared's intervenor claims in the current adversary proceeding are concluded, will result in Harbinger being deprived of its equity interests and control over LightSquared")) As courts have held, the impending conclusion of the bankruptcy proceedings, however, do not constitute "exceptional circumstances." *See North Fork Bank v. Abelson*, 207 B.R. 382, 391 (E.D.N.Y. 1997) (movant's argument that "if he [was] forced to wait until the bankruptcy proceeding ha[d] been completed before appealing the matter, action with respect to the estate [would] be taken in the interim which [could not], as a practical matter, be undone" did not present "exceptional circumstances").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Harbinger's Motion for

leave to appeal be denied.

Dated:  New York, New York
       December 16, 2013


SULLIVAN & CROMWELL LLP

 /s/ Brian T. Frawley
Robert J. Giuffra, Jr.
Brian T. Frawley
Brian D. Glueckstein
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

*Counsel for the DISH/EchoStar Defendants*

O'MELVENY & MYERS LLP

 /s/ Charles E. Bachman
Charles E. Bachman
Peter Friedman
Times Square Tower
New York, New York  10036
Telephone:  (212) 326-2000

*Counsel for the Sound Point Capital
Defendants*

WILLKIE FARR & GALLAGHER LLP

 /s/ James C. Dugan
Rachel C. Strickland
James C. Dugan
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 728-8000

*Counsel for the Ergen Defendants*